IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON DAVID YONAI,

    Petitioner,                                      No. CIV S-06-1250 DFL CMK P

    vs.

MS. EVANS, Warden., et al.,

    Respondents.                            FINDINGS & RECOMMENDATIONS

/

        Petitioner is a prisoner proceeding pro se with this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and has requested authority to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 by the authority of 28 U.S.C. § 636(b)(1).

        On February 22, 2007, pursuant to the court's order, petitioner filed an amended petition. It was not clear from petitioner's amended habeas application whether he had exhausted his claims in the California Supreme Court. Accordingly, on March 5, 2007, the court ordered petitioner to file, within thirty days, a written statement clarifying whether his federal habeas claims were exhausted. To date, petitioner has failed to do so.

        The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

1  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
2  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
3  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
4  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
5  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
6  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
7  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
8  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
9  1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
10 follow local rules.  See Ghazali, 46 F.3d at 53.
11          Having considered these factors, and in light of petitioner's failure to file a
12 written statement regarding whether his habeas claims are exhausted, the court finds that
13 dismissal, without prejudice, is appropriate.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

1  IT IS RECOMMENDED that petitioner's complaint be dismissed without
2  prejudice. See Local Rule 11-110; Fed. R. Civ. P. 41(b).
3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
5  twenty days after being served with these findings and recommendations, petitioner may file
6  written objections with the court.  The document should be captioned "Objections to Magistrate
7  Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections
8  within the specified time may waive the right to appeal the District Court's order. See Martinez
9  v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED: April 17, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE